# Appeal of Miles C. Gorgas, Exr. of Anna Maria Lewis, Deceased.

A testator bequeathed as follows: "From and immediately after the decease of my said two daughters and the survivor of them, if my wife be then also deceased, I give and bequeath to A $3,000." *Held,* that the legacy to A was contingent and she having died before the daughters and widow of decedent, her representatives were not entitled to the legacy.

(Argued January 19, 1888. Decided February 6, 1888.)

July Term, 1887, No. 194, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of the Orphans' Court of Philadelphia County dismissing exceptions to the adjudication of an executors' account. Affirmed.

Robert M. Lewis died February 18, 1855, leaving a widow, who died in January, 1868, and two daughters, Mary S. Lewis, who died without issue in February, 1858, and Margaretta S. Lewis, who died without issue in November, 1886. At the audit of the second account of Robert M. Lewis, Jr., surviving executor of Robert M. Lewis, Miles C. Gorgas, executor of Anna Maria Lewis, deceased, a sister of the testator, claimed to be entitled to receive a legacy of $3,000 under the will of decedent.

The facts of the case are sufficiently stated in the opinion of the court below, FERGUSON, J., dismissing exceptions to the adjudication as follows:

The testator, by the seventh item of his will, bequeathed to Wharton Lewis $3,000, Hannah Wistar $3,000, Anna Maria Lewis $3,000, Mary K. Lewis $1,000, and Francis A. Lewis $1,000, "from and immediately after the decease of my said two daughters and the survivor of them, if my wife be then also deceased."

At the time when the contingency happened upon which the said legacies would have been payable, to wit, the death of the testator's wife and his two daughters, all of the above-named legatees had previously died; and it was claimed at the audit that these respective legacies had vested, and were therefore payable to their personal representatives.

By the terms of testator's will the payment of the said legacies was clearly contingent upon the legatees' outliving his wife and daughters; and there is no clause or provision of the will from which it can be inferred that it was intended that these legacies should vest at the death of the testator, or at any other time than that above mentioned. Nor is there any precedent gift of the particular fund necessary to pay these legacies when the time for their payment should arrive, nor any life estate therein bequeathed to either the testator's wife or his daughters. It is conceded that were this the case the legacies might have been considered as having vested at the time of the death of the testator, because it is text-book law, as well as settled by a long line of decisions in this state, that "the interests of the first and subsequent takers vest together," and that where the enjoyment of an entire fund is given in fractional parts, at successive periods which must eventually arrive, all the interests vest together at the death of the testator.

Where there is an antecedent gift of the property bequeathed

to a legatee, however contingent, the legacy vests at the same time as the precedent gift; and in such a case, in the event of the death of the legatee in the lifetime of the life tenant, his personal representatives are entitled to the fund. King v. King, 1 Watts & S. 206, 37 Am. Dec. 459; Burd v. Burd, 40 Pa. 185; McClure's Appeal, 72 Pa. 414; Linnard's Estate, 8 W. N. C. 536.

In this case there was no antecedent gift of these legacies or of the fund necessary to pay them. The testator bequeathed the legacies and fixed the time when they were to be paid, without, in the meantime, making any disposition of the money necessary for that purpose; and upon the audit of the first account of the executors of this estate, which happened many years ago, the court awarded to them a sum in cash sufficient to pay these legacies when they should become due. This sum they have continued to hold for that purpose down to the present time.

There having been no precedent estate in this money with which these legacies could have been considered as vesting, we are of the opinion that the legacies are by their terms contingent, and in this view of the law we think we are sustained by the decisions in this state.

In Lamb v. Lamb, 8 Watts, 186, HUSTON, J., in speaking of what constitutes a vested legacy, says: "One of the rules is that where there is no substantive gift of the legacy until the time when it is payable, it does not vest until then."

In Moore v. Smith, 9 Watts, 403, GIBSON, Ch. J., says that it is the ruling principle "that, where there is no separate and antecedent gift, which is independent of the direction and time for payment, the legacy is contingent."

And in Bowman's Appeal, 34 Pa. 23, THOMPSON, J., says: "But where there is no antecedent gift or bequest, independent of the period fixed for payment, then it is not vested but contingent." See also Seibert's Appeal, 13 Pa. 503; Burd v. Burd, 40 Pa. 185; Pleasonton's Appeal, 11 W. N. C. 274.

It was further contended that the payment of these legacies was charged by the testator upon his real estate, and that therefore the legacies are vested. While it is true that if the legacies were charged upon the land they would be considered as vesting at the time of the death of the testator, yet the intention of the testator to so charge them must clearly appear, either from the words used by him or by natural and obvious implication from

the provisions of the will.    In this case the language of the will would seem to indicate a contrary intention upon the part of the testator.  In the first item of his will he gives to his wife "all his stocks, loans, household and kitchen furniture, plate, horses, and all other my personal estate, except as hereinafter stated," and then follows a number of specific and pecuniary legacies, of which those in question form a part; thus clearly showing upon the part of the testator an intention to give his wife all his personal estate, excepting the legacies bequeathed by him, which he expressly excepted out of the bequest of all his personal estate to his wife.

In the sixth item of his will, in providing for the disposition of his real estate in case of the death of his daughters without issue, he says, "except so much as may be required to pay the legacies hereinafter mentioned," thus indicating that the legacies are primarily to be paid out of the personal assets; but that if there should be any deficiency of personalty, then and in that case so much of the real estate as may be necessary might be used for that purpose.  This clause of the will is the only one from which any intention to charge the land can be inferred, and in reference to it we think, with the auditing judge, that the testator meant that a portion of his real estate was to be taken only upon deficiency of personal estate to pay these legacies, and that he did not intend to charge the payment of the legacies upon the land.

Exceptions dismissed and adjudication confirmed.

The assignments of error specified the action of the court: (1) In dismissing the exceptions to the adjudication; (2) in not ruling that the testator intended said legacies to be paid out of his personal estate after the decease of his wife and daughters; (3) in not ruling that the testator intended to make said legacies a charge upon the real estate devised in trust for the life of his wife and daughters; and (4) in not deciding that the legacy, whether vested or contingent, was transmissible to the representatives of the legatee.

*John M. Scott,* for appellant.—The contingency in item 7 of the will does not regard the persons of the legatees, whose names are given without the requirement of any qualification, and who were ready to take at any time when the contingency

might happen. It relates wholly to the wife and daughters, for the benefit of whose interests, in the event which happened, the payment is postponed. In such cases the legacy is transmissible. Hopkins v. Jones, 2 Pa. St. 69.

Contingent and executory interests, though they do not vest in possession, may vest in right so as to be transmissible to the executors or administrators of the party dying before the contingency on which they depend takes effect. 2 Wms. Exrs. 1203; Kelso v. Dickey, 7 Watts & S. 279; Hopkins v. Jones, 2 Pa. St. 69; Lovett v. Lovett, 31 Phila. Legal Int. 349.

Contingent and executory, as well as vested, interests pass to the real and personal representatives, according to the nature of the interest, and entitle the representatives to them when the contingency happens. 4 Kent, Com. 261; Chess's Appeal, 87 Pa. 362, 30 Am. Rep. 361; Chew's Appeal, 37 Pa. 23; Kelso v. Dickey, 7 Watts & S. 279; Hopkins v. Jones, 2 Pa. St. 69.

Executory interests in personal property pass to the executor of the persons to whom they are limited, where they die before the contingency happens on which such interests are to vest. Smith, Executory Interests, p. 434; Fearne, Contingent Remainders, 431; 1 Roper, Legacies, 513, 514; 1 Redf. Wills, 387; Jones v. Roe, 3 T. R. 88; Wells v. Ritter, 3 Whart. 226; Leavitt v. Logan, 3 Wall. Jr. 184, Fed. Cas. No. 8,173; 3 Greenleaf's Cruise, Dig. 456; Smith v. Townsend, 32 Pa. 441; Lawrence v. Bayard, 7 Paige, 70; Munsell v. Lewis, 4 Hill, 635.

It is a well-known principle of law that no form of words is necessary to charge pecuniary legacies upon the land devised. It is sufficient that the intention appears by natural implication from the provisions of the will. Gilbert's Appeal, 85 Pa. 347; Penny's Appeal, 16 W. N. C. 111; Clery's Appeal, 35 Pa. 54.

*Lawrence Lewis, Jr.,* and *Francis A. Lewis,* for appellees.— Where there is no gift but by a direction to pay, or divide and pay, at a future time or on a given event, or to transfer from and after a given event, the vesting will be postponed until after that time has arrived or that event has happened, unless from particular circumstances a contrary intention is to be collected. 2 Wms. Exrs. 6th Am. ed. 1334, and cases cited. See also Theobald, Wills, 2d ed. 398, *et seq.;* 2 Jarman, Wills, 5th Am. ed. 419, 420.

The absence of any intervening estate in such case is taken to afford the clearest indication of an intention that the legacy is contingent merely. Lamb v. Lamb, 8 Watts, 186; Moore v. Smith, 9 Watts, 407.

Where there is no antecedent gift or bequest independent of the period fixed for payment, the legacy is not vested, but contingent. Bowman's Appeal, 34 Pa. 23.

Pleasonton's Appeal, 11 W. N. C. 273, is particularly in point upon this question. See also Thouron's Appeal, 18 W. N. C. 56.

In the present case no doubt whatever can be entertained that there was no gift of any intervening estate in the personalty. If, therefore, the legacy was chargeable solely upon personalty, there can be no doubt that it was contingent and that the decree of the court below should be affirmed.

The authorities are unanimous to the effect that a legacy will not be construed to be charged upon real estate unless the intention of the testator to that effect appear by direct expression or plain implication. Brandt's Appeal, 8 Watts, 198.

To make a legacy a charge upon land it is necessary that it should be declared to be so by express words, or that it may be inferred from the whole will that such was the intention of the testator. Montgomery v. M'Elroy, 3 Watts & S. 370, 38 Am. Dec. 771. See also Buchanan's Appeal, 72 Pa. 448; Penny's Appeal, 16 W. N. C. 111.

It is not the intention to charge the real estate that exempts the personal, for charging the real estate without more will not have that effect. It must appear not only that the real estate is intended to be charged but that the personal estate is intended to be exempted. 1 Roper, Legacies, 699; Eavenson's Appeal, 84 Pa. 172, 178.

The rule is thus clearly stated in Breden v. Gilliland, 67 Pa. 34: "The primary fund for the payment of all legacies, whether charged on land or not, unless special provision is made to the contrary, is the personal estate."

In order, therefore, to produce the effect for which the appellant contends, to wit, that this legacy, in common with the others in the same clause, was charged upon realty, two things must appear, to wit: (1) A specific direction to charge the realty; and (2) a specific intention to exonerate the personalty.

No such conclusions can reasonably be drawn from the provisions of this will.

PER CURIAM:
The decree is affirmed on the opinion of the court below, and the appeal is dismissed, at the costs of the appellant.